UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Darrell L. Goss, | ) | Case No. 2:18-cv-3245-BHH-MGB |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Bryan P. Stirling; Warden Charles | ) | |
| Williams; Associate Warden Thomas | ) | |
| Robertson; Associate Warden Alyson | ) | |
| Glidewell; Major Stephanie Marshall; | ) | |
| Administrative Captain Stanley Terry; | ) | |
| Lt. Clarissa Jones; Chief Nurse Deborah | ) | |
| Richter; Mailroom Director Jennifer | ) | |
| Franklin; Sgt. Warren Peek; Corporal | ) | |
| Verdeia Hall; John Doe 1; John Doe 2; | ) | |
| and Juanita Moss, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Darrell Goss, a *pro se* state prisoner, seeks relief under 42 U.S.C. § 1983. He has filed two motions asking the Court for preliminary injunctive relief. (Dkt. Nos. 3 & 15.) Under Local Civil Rule 73.02(B)(2)(e) (D.S.C.), all pretrial matters in this case are referred to the undersigned United States Magistrate Judge. For the following reasons, the undersigned recommends that Goss's motions be denied.

## BACKGROUND

Goss is an inmate at McCormick Correctional Institution. In this lawsuit,[1] Goss challenges a variety of conditions that he alleges exist at the prison. Specifically, he claims the following practices violate the Eighth Amendment's ban on cruel and unusual punishment[2]:

---

[1]    This case was originally part of case number 2:18-cv-2124-BHH-MGB. Goss's pleadings in that case alleged unconstitutional prison conditions, as well unrelated claims of pervasive prison violence. The Court severed the prison-condition claims from that case and opened a new case with a separate civil action number. (Dkt. No. 2 at 8–10.) Goss's prison-violence claims remain pending in case -2124.

- Medical staff refused to provide sick-call sessions for several months and are now addressing only one medical issue per inmate visit (Dkt. No. 3 at 3–4);
- He was denied dental care for several months (*Id.* at 4);
- Medicine is distributed at 3:00 a.m., interrupting his sleep (*Id.* at 5);
- The unit where he is housed covered in inmates' excrement and blood, and his cell's floor has flooded with waste-contaminated water (*Id.* at 6);
- His cell is filthy and moldy, and he is not given cleaning chemicals he requests (*Id.*);
- His mattress is filthy (*Id.*);
- He is allowed to shower only on Mondays, Wednesdays, and Fridays (*Id.*);
- Laundry services are inconsistent (*Id.*);
- He never gets opportunities for shaves or haircuts (*Id.*);
- The prison plans to stop using bleach for cleaning and switch to a chemical that will not prevent the spread of disease (*Id.* at 7);
- The meals, delivered to Goss in his cell, arrive cold and in Styrofoam boxes, are served by unqualified workers, and are contaminated with human waste (*Id.* at 10–12; Dkt. No. 15 at 3–4);
- The prison provides hygiene products that have caused him rashes, cysts, and soreness, and prison officials will not let Goss use his own hygiene products (Dkt. No. 3 at 8; Dkt. No. 15 at 4–5);
- Prison officials will not to give him a jacket or let him retrieve personal clothes from his property bag, and his cell is cold (Dkt. No. 15 at 2–3); and
- Guards have, without justification, placed Goss's hands in painful "black box" handcuffs (Dkt. No. 3 at 8–9).

Goss wants the Court to issue a preliminary injunction ordering the defendants to implement a variety of changes. For example, he wants a change in the medicine distribution schedule; a new mattress; more showers, shaves, and haircuts; more frequent laundry service; and bleach for cleaning his cell. (Dkt. No. 3 at 2.)

The defendants have filed responses to the motions. (Dkt. Nos. 16 & 19.)

### **LEGAL STANDARD**

Most preliminary injunctions prohibit certain conduct, as they are intended to protect the status quo while a lawsuit is pending so as to preserve the court's ability to render a meaningful judgment on the merits. *United States v. South Carolina*, 720 F.3d 518, 524 (4th Cir. 2013)

---

[2] Goss also alleges First Amendment claims, but he has not asked for preliminary injunctive relief on them.

(citation omitted). Here, however, Goss seeks an injunction that, for the most part, is mandatory in nature. Mandatory injunctions do not preserve the status quo. *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). Rather, they compel immediate action that upends the status quo. Courts should "sparingly exercise[]" their authority to grant such injunctions, doing so only "when the exigencies of the situation demand such relief." *Id.*

Any type of preliminary injunction is "an extraordinary remedy" that courts "never award[] as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain a preliminary injunction, the moving party must show the following:

(1)    He is likely to succeed on the merits;

(2)    He is likely to suffer irreparable harm in the absence of preliminary relief;

(3)    The balance of equities tips in his favor; and

(4)    An injunction is in the public interest.

*Id*. at 20; *see also Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017) (stating the moving party must "clearly establish[]" entitlement to the injunction he wants).[3]

## **DISCUSSION**

Goss has failed to make the required showing for any of the preliminary relief he requests. First, he has not clearly shown he will likely succeed on the merits. To the contrary, this Court's prior decisions indicate that many of the alleged conditions at issue may not violate the Eighth Amendment. *See, e.g.*, *Crouchman v. Pickens Cty. Council*, No. 9:16-cv-804-CMC-BM, 2017 WL 767185, at *12 (D.S.C. Feb. 3, 2017) (unsatisfactory cleaning products), *report*

---

[3]    The undersigned has considered Goss's motions as seeking a preliminary injunction, instead of a TRO. Goss did not comply with Rule 65(b)(1)(A) of the Federal Rules of Civil Procedure, which requires that specific facts be set forth in an affidavit or a verified complaint clearly showing he would suffer immediate, irreparable injury before the defendants could be heard in opposition. *See* Fed. R. Civ. P. 65(b)(1)(A). Moreover, as the defendants have received notice of the motions and responded to them, it is appropriate to treat the motions as seeking a preliminary injunction. *See, e.g.*, *Mickell v. Reynolds*, No. 6:15-cv-4656-RBH-KFM, 2016 WL 3049358, at *2 n.3 (D.S.C. May 31, 2016) ("Because Defendants have received notice and an opportunity to respond, the Court treats Plaintiff's motion as one for a preliminary injunction." (citation omitted)).

*and recommendation adopted*, 2017 WL 749393 (D.S.C. Feb. 27, 2017); *Hinojos v. Byars*, No. 2:13-cv-1900-JFA-WWD, 2014 WL 3687400, at *6 (D.S.C. July 23, 2014) (inadequate quantity of cleaning supplies); *Joyner v. Patterson*, No. 0:13-cv-2675-DCN, 2014 WL 3909531, at *6 (D.S.C. Aug. 11, 2014) (deprivation of mattress), *aff'd*, 597 F. App'x 748 (4th Cir. 2015) (per curiam); *Reed v. Olson*, No. 4:09-cv-3126-JFA-TER, 2011 WL 765559, at *3 (D.S.C. Jan. 19, 2011) (cold food), *report and recommendation adopted*, 2011 WL 742509 (D.S.C. Feb 24, 2011); *Demmons v. McElvogue*, No. 6:09-cv-3289-CMC-KFM, 2010 WL 3724759, at *2 (D.S.C. Aug. 25, 2010) (infrequent shaves and haircuts), *report and recommendation adopted*, 2010 WL 3724666 (D.S.C. Sept. 16, 2010); *Coleman v. Stevenson*, No. 0:09-cv-872-HMH, 2010 WL 2990740, at *2 (D.S.C. July 26, 2010) (no routine dental care), *aff'd*, 407 F. App'x 709 (4th Cir. 2011) (per curiam); *Blackburn v. South Carolina*, No. 0:06-cv-2011-PMD-BM, 2009 WL 632542, at *17 (D.S.C. March 10, 2009) (infrequent showers), *aff'd*, 404 F. App'x 810 (4th Cir. 2010) (per curiam).

Second, Goss has not shown that, unless the Court imposes the injunctive relief he requests, he will likely suffer irreparable harm. Finally, he has not explained how the balance of the equities tip in his favor or why the relief he wants is in the public's interest. Because Goss has not satisfied all the *Winter* requirements, his motions should be denied.

## CONCLUSION

The undersigned recommends that Goss's two motions for preliminary injunctions be (Dkt. Nos. 3 & 15) be **DENIED**.

**IT IS SO RECOMMENDED.**

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

December 27, 2018
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).